IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**IRY JAMES WILLIAMS,**

       Plaintiff,

v.                                                                                  CIVIL ACTION NO.: 3:24-CV-10
                                                                                    (GROH)

**UNITED STATES OF AMERICA,**

       Defendant.

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 47. Therein, Magistrate Judge Trumble recommends the above-styled civil action be dismissed with prejudice. Id. at 30. The Plaintiff timely filed objections to the R&R. ECF No. 50. Accordingly, this matter is ripe for adjudication.

### I. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985).

"When a party does make objections, but the[] objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. N.Y. State Div. of Parole, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." Osmon v. United States, 66 F.4th 144, 146 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). While "[d]istrict courts are not expected to relitigate entire cases to determine the basis of a litigant's objections[,] . . . [i]f the grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III [of the U.S. Constitution]." Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023).

Finally, the Fourth Circuit has long held, "[a]bsent objection, [no] explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983)

(finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

## II. DISCUSSION

First, the Court finds Magistrate Judge Trumble accurately and thoroughly summarizes the background of this case in his R&R. ECF No. 47 at 2–13. In the interest of brevity, the Court incorporates that summary herein.

The R&R recommends this case be dismissed with prejudice for three reasons. First, the R&R concludes the Plaintiff cannot meet all six elements of the test outlined in Brownback v. King, 592 U.S. 209, 212 (2021) because he largely alleges conduct by state, not federal, employees. Id. at 22. To the extent the Plaintiff contests federal employees' failure to respond to his Standard Form 95, the R&R states the Plaintiff does not adequately assert an injury to his property or person. Id. at 24. Second, the R&R reasons "the Plaintiff's request for default judgment is without authority" under "the clear language of the [relevant] statute, regulation, and program statement[.]" Id. at 28. Third, the R&R finds the Plaintiff's claims are barred by the principle of res judicata based on the Plaintiff's prior suit brought in the Eastern District of Texas pursuant to 42 U.S.C. § 1983. Id. at 30.

The Plaintiff appears to proffer four objections to the R&R. Specifically, the Plaintiff seems to contend: (1) the R&R incorrectly concluded the allegations primarily involve state employees because the Plaintiff was in federal custody [ECF No. 50 at 4, 8–9]; (2) "the pertinent inquiry is whether the federal agents violated state laws not whether the United States violated its own laws" [ECF No. 50 at 5]; (3) the Plaintiff adequately stated

3

a claim for negligence under Texas law [see ECF No. 50 at 5–8]; and (4) "the requisite elements for res judicata are not met" [ECF No. 50 at 11].

The Court finds the Plaintiff's objections lack merit. As to objections (1), (2), and (3), this case centers on the Plaintiff's claim that he "was injured by the acts or omissions of employees of the" George Beto Unit within the Texas Department of Criminal Justice, Beto employees, and Beto medical staff; "none of which are agencies [or employees] of the United States. Thus, [the Plaintiff's] claims against the United States under the FTCA are frivolous." Harding v. United States, 2016 WL 5338087, *2 (N.D. W. Va. Sept. 23, 2016) (Stamp, Jr., J.); see Logue v. United States, 412 U.S. 521, 526 (1973). This, combined with the Plaintiff's failure to adequately allege an injury to his person or property—a conclusion the Plaintiff does not object to—deprives the Court of subject matter jurisdiction and requires dismissal of this action. See Brownback, 592 U.S. at 212.

Nonetheless, the Court considers objection (4) and holds the R&R is correct that this case is also barred by the principle of res judicata. Res judicata has three elements: a final judgment on the merits in a prior suit, a subsequent suit asserting the same cause of action, and the same parties or their privies must be involved in both cases. Aliff v. Joy Mfg. Co., 914 F.2d 39, 42 (4th Cir. 1990).

Here, the Plaintiff contests only the second element, arguing the instant matter and his prior § 1983 case "are two separate course of actions and are not premised on [the] same conduct." ECF No. 50 at 11. Generally, two claims are considered the same cause of action where the second claim "arises out of the same transaction or series of transactions as the [first] claim." Aliff, 914 F.2d at 43 (quoting Harnett v. Billman, 800 F.2d 1308, 1313 (4th Cir. 1986)).

Upon review of the Plaintiff's prior § 1983 complaint and his amended complaint here, the Court finds the two cases assert the same cause of action. Indeed, despite the Plaintiff's statement that his claims are not premised on the same conduct, the factual allegations in the two actions are just short of identical. E.g., compare ECF No. 14 at 6 in 6:20-CV-566 (alleging the Plaintiff reported a "polluted water bottle" to "Sgt. Dinia Green who deliberately disregard[ed] Plaintiff['s] health and safety by telling him to 'get out of [his] face.'") with ECF No. 11 at 7 ("After reporting possible ingestions of contaminated water from water bottle that Plaintiff showed to Sgt. [Dinia Green] . . . Sgt. failed to omit any risk of possible danger b[ut] infact telling Plaintiff to 'get out of my face.'"). Thus, "the instant complaint concerns the same basic claim, arises from the same core of operative facts[,] and could have been raised in conjunction with [the Plaintiff's] . . . earlier filed [§ 1983] complaint." Sellers v. Anderson, 2020 WL 6329854, *6 (N.D. W. Va. May 26, 2020) (Mazzone, M.J.), R. & R. adopted by 2020 WL 6333911 (Oct. 28, 2020) (Bailey, J.). This case is therefore barred by the principle of res judicata. Id.

### III. CONCLUSION

For the above reasons, the Plaintiff's objections [ECF No. 50] are **OVERRULED**. Having reviewed the remainder of the R&R for clear error, the Court holds the R&R carefully considered the record and applied the appropriate legal analysis.

Accordingly, it is the opinion of this Court that the R&R [ECF No. 47] should be, and is hereby, **ORDERED ADOPTED**. The Plaintiff's Complaint [ECF No. 11] is **DISMISSED WITH PREJUDICE**, and this matter is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet and to any counsel of record electronically.

**DATED**: December 17, 2024

GINA M. GROH
UNITED STATES DISTRICT JUDGE